W. J. PARMETER, Respondent, v. WILLIAMSBURGH CITY FIRE INSURANCE CO., Appellant:

(185 N. W. 810.)

**Insurance — execution of mortgage held not to change interest of insured under fire policy.**

1. In an action upon a policy of fire insurance, where a farm dwelling and its contents was insured, it is *held*:

That the execution of a real estate mortgage upon the land did not change the title, interest, or possession of the insured.

**Appeal and error — finding substantially supported by evidence not disturbed.**

2. That the findings of the trial court determining that the dwelling did not become unoccupied for a period of ten days are presumed correct and will not be reversed if there be evidence substantially supporting.

Opinion filed Dec. 1, 1921.

Action in District Court, Dunn County, *Pugh, J.*

The defendant has appealed from a judgment in favor of the plaintiff.

Affirmed.

*Lawrence, Murphy & Nilles,* for appellant.

"A witness who feigns forgetfulness of circumstances collateral to

his main story which he must recollect if he has any memory at all, and with respect to which he is open to contradiction if untrue is unworthy of belief." Gibbons v. Potter, 30 N. J. Eq. 204.

Assignment of property and insurance thereon as security for a debt renders the policy void under a provision in the policy making it void if the interest of the insured is other than unconditional ownership, or if any change takes place in his interest, title, or possession. Smith v. Ins. Co. (S. D.) 42 L. R. A. (N. S.) 172; 137 N. W. 47; 14 R. C. L, p. 1120.

A mortgage is within a condition against conveyance of any interest in the property. 79 Tex. 23, 11 L. R. A. 293, also 88 Mich. 94, 13 L. R. A. 684.

A provision against change of interest is violated by the inclusion of the property in a mortgage thereof through negligence or inattention of the assured. Fireman's Fund v. Barker, 6 Colo. App. 535.

A condition making the policy void if the interest of the insured in the property should be changed in any manner, whether by act of the parties or by operation of law will include the giving of a mortgage upon the property. O'Neil v. Ottawa Ins. Co. 30 U. C. C. P. 151, 12 Can. L. J. 2071.

A conveyance, absolute in form by the insured is a transfer or change in title, avoiding the policy, although there is a written defeasance dehors the deed or an equivalent contemporaneous parol agreement. Barry v. Hamburg Ins. Co. 11 N. Y. 1, 18 N. E. 405.

A conveyance to secure the payment of a debt for the construction of a building made without insurers consent, invalidates the policy. Athens Mutual F. Ins. Co. v. Evans, 132 Ga. 703, 64 S. E. 993; Gibbs v. Ins. Co. 61 N. W. 137 (Minn.).

Occupancy of a dwelling house implies the actual use of the house as a dwelling place, the presence of human beings therein as at their customary place of abode. Ashworth v. Builders' Mut. F. Ins. Co. 112 Mass. 422, 17 Am. Rep. 117; Herrman v. Adriatic F. Ins. Co. 85 N. Y. 162, 39 Am. Rep. 644; Burner v. German-American Ins. Co. 103 Ky. 370, 45 S. W. 109; Stoltenberg v. Continental Ins. Co. 106 Iowa 565, 68 Am. St. Rep. 323, 76 N. W. 835; Sonneborn v. Manufacturers' Ins. Co., supra; Bonenfant v. American F. Ins. Co. 76 Mich. 564, 43 N. W. 682.

And the leaving some one to look after the house when it becomes

vacant is not sufficient to save the forfeiture of the policy.   Bonenfant v. American F. Ins. Co. 76 Mich. 653, 43 N. W. 682.

Even though the person left in charge lives within the same inclosure. Burner v. German-American Ins. Co. supra.

Even the fact that the insured, or some member of his family, or his hired man, visits the dwelling house every day to see that things are all right is not sufficient to save forfeiture.   Weidert v. State Ins. Co. 19 Or. 261, 20 Am. St. Rep. 809, 24 Pac. 242.

A vacancy beyond the time limit, without a permit or consent, forfeits the policy.   Piscatauga Savings Bank v. Traders Insurance Co. 8 Kan. App. 241, 55 Pac. 496; Examiner Phoenix Ins. Co. v. Burton, Tex. Civ. App. 39 S. W. 319; Joyce on Ins. Co. 4 p. 3802.

If a house is left for an entire season with no one in it, a policy containing a condition that it shall be void if the premises become "vacant" or "unoccupied" is avoided, though the furniture be left therein.   Herman v. Adriatic Fire Ins. Co. 85 N. Y. 162, 39 Am. Rep. 644; Alston v. Old State Ins. Co. 80 N. C. 326; Fitzgerald v. Connecticut Fire Ins. Co. 64 Wis. 463, 25 N. W. 785; Joyce on Ins. Vol. 4, p. 3802.

And merely leaving furniture where the building is unoccupied at night is insufficient, even though a hired man has general oversight of the property and frequently inspects the same.   Hanscom v. Home Ins. Co. 90 Me. 333, 38 Atl. 324, 27 Ins. L. J. 19; Joyce on Ins. Co. Vol. 4, p. 3803; Soubert v. Fidelity-Phoenix Ins. Co. 40 L. R. A. (N. S.) 58-59.

If the policy has become void by reason of a violation of a condition against nonoccupancy without the consent of the insurer indorsed on the policy it is not revived when occupation of the premises is subsequently resumed.   Joyce on Ins. Vol. 4 p. 3800; Moore v. Phoenix Ins. Co. 62 N. H. 240, 13 Am. St. Rep. 556; See §§ 2239, 2240 herein; East Texas Ins. Co. v. Kempner, 87 Tex. 229, 47 Am. St. Rep. 99, 27 S. W. 122; Joyce on Ins. Vol. 4, p. 3800.

A statement in answer to an inquiry in an application made by stipulation a part of the policy, but which partially discloses the truth as to the amount of mortgages or the character of the same, and which is calculated to induce the belief that the entire truth has been told concerning the same, when as a fact it has not and there are other mortgages, or mortgages to a larger amount than stated, will avoid the policy.   14 R. C. L. 1062; Connecticut, Treadway v. Hamilton Mutual Ins. Co. 29 Conn. 68; Iowa, Glade v. Germania Fire Ins. Co. 56 Ia. 400, 9 N. W. 320;

Massachusetts, Brown v. Peoples' Mut. Ins. Co. 11 Cush. (65 Mass.) 280; Hayward v. New England Mutual Fire Ins. Co. 10 Cush. (64 Mass.) 444; Kibbe v. Hamilton Mut. Ins. Co. 11 Gray (77 Mass.) 163; Bowditch Mut. Fire Ins. Co. v. Winslow, 8 Gray (74) (Mass.) 38, s. c. 3 Gray (69 Mass.) 415; Falls v. Conway Ins. Co. 7, 7 Allen (89 Mass.) 46; Minnesota, Cerys v. State Ins. Co. 71 Minn. 338, 73 N. W. 849, 27 Ins. L. J. 258; New Hampshire, Marshall v. Columbian Mut. Fire Ins. Co. 7 Fost. (27 N. H.) 157; New York, Smith v. Agricultural Ins. Co. 118 N. Y. 522, 23 N. E. 883.

*T. F. Murtha,* for respondent.

Courts quite uniformly hold that under provisions similar to the one under consideration, the giving of a mortgage does not void the policy. 19 Cyc. 742; 19 Cyc. 745; 19 Cyc. 746-D; Wolf v. Ins. Co. (Wis.) 91 N. W. 1014 6 Syl.; Peak v. Ins. Co. (Utah) 51 p. 255; Koshland v. Ins. Co. (Or.) 49 p. 866.

The deeds being in fact mortgaged did not avoid the policy, 19 Cyc. 746-D; Barry v. Ins. Co. (N. Y.) 17 N. E. 405; Ins. Co. v. Gibe, (Ill.) 44 N. E. 490; Ins. Co. v. Fox, (Neb.) 96 N. W. 652; Henton v. Ins. Co. (Neb.) 95 N. W. 670; Bank v. Ins. Co. (Kan.) 49 p. 329; Bldg. & L. Asso. v. Ins. Co. (Kan.) 86 p. 142; Slobodisky v. Ins. Co. (Neb.) 72 N. W. 483; Wolf v. Ins. Co., (Wis.) 91 N. W. 1014; Myles v. Ins. Co. (Wash.) 193 p. 703; Bowling v. Ins. Co. (W. Va.) 103 S. E. 285; Ins. Co. v. Shepard (Ind.) 126 N. E. 447; Lavenstein v. Ins. Co. (Va.) 101 S. E. 331; 99 S. E. 579.

The false swearing, if there was such, to avoid the policy, must be willful, and upon a material matter. 19 Cyc. 855-6; 19 Cyc. 950, note 42; Alfred Hiller Co. v. Ins. Co. (La.) 32 L. N. S. 453, annotated.

Our Court has said in no uncertain terms that the Insurance Company cannot hold on to the premiums and avoid liability. Yusko v. Ins. Co. 39 N. D. 66; 166 N. W. 539; Horswill v. Ins. Co. 178 N. W. 798; L. R. A. 1917 D. 1091, 4 Syl.; L. R. A. 1917 F. 663; See 6530 to 6544, C. L. N. D. 1913.

BRONSON, J. This is an action upon a policy of fire insurance. By consent a jury was waived and the cause submitted to the trial judge. The defendant has appealed from a judgment entered upon findings favorable to the plaintiff. In February, 1916, defendant issued to the plaintiff its insurance policy upon his dwelling and household furniture,

in the amount of $750, for a term of three years from February 21, 1916. This policy was a renewal of like insurance theretofore written by the defendant in February, 1913, for the plaintiff's wife, and thereafter transferred by the defendant to the plaintiff upon the decease of his wife. The dwelling was situated upon 160 acres of land in Dunn county, which formerly was the United States government homestead of the plaintiff's wife, and thereafter passed to the plaintiff upon her decease. Plaintiff's title was quieted by judgment dated May 20, 1916. This house was a one-story building about 12x20, with a rubberoid roofing, and contained two rooms. The plaintiff and his wife fully occupied this building as their home until her death, which occurred, apparently, shortly prior to the year 1914. Then, pursuant to plaintiff's testimony, he continued to live in the house, and occupied the same up until the time of its destruction by fire. He worked for his father, who lived about 1½ miles distant from his place, and frequently stayed there. In this dwelling remained the household furniture and plaintiff's personal belongings. When this policy was written there were unsatisfied mortgages existing against the land. Later these mortgages were satisfied. Plaintiff placed a new real estate mortgage upon the land. He also issued a warranty deed, which was used, pursuant to his testimony, for purposes of security only. Plaintiff testified that the soliciting agent of the defendant knew about the mortgages when the application was received. Notice of loss was given to the defendant by plaintiff's affidavit to the effect that he was absent from the premises from the morning of December 4 until the afternoon of December 6, 1918, and that the property was burned during his absence. In plaintiff's proof of loss he claimed 250 mechanical books. At the trial he testified that the fire occurred during the latter part of November; that at the time he was away in Dickinson; absent from the premises four days, and that the loss by fire occurred during such absence. He testified that he only had 32 mechanical books, and the statements of notice of loss and proof of loss were incorrect in the respects mentioned. The defendant introduced testimony to the effect that from the month of March until the middle of August, 1917, there was no one about plaintiff's premises; that the windows were boarded up; the doors closed; no lights were seen there at night, and there were no signs of occupancy; further, that in the year 1916 the plaintiff lived during one whole month at his father's place.

It is the contention and defense of the defendant that the policy became void because: (1) The hazard was increased; (2) the interest of the insured was not unconditional and sole; (3) there was a change in interest, title, and possession of the subject of insurance through the mortgages upon the property; (4) that material facts concerning the subject of insurance were misrepresented; (5) that plaintiff practiced false swearing concerning insurance after the loss; (6) that the property became and remained, for a period of 10 days, vacant or unoccupied. The only defense worthy of consideration, in our opinion, is that which concerns vacancy or unoccupancy. There is no evidence sufficient to warrant overruling the findings of the trial court concerning the other defenses. The insurance policy does not provide that the existence or making of a real estate mortgage is a ground of forfeiture. In this state the giving of a real estate mortgage creates neither a change of interest, title, or possession. There is no showing of any increase of hazard except that which concerns vacancy or unoccupancy. However, concerning the question of vacancy or unoccupancy, defendant strenuously attacks the credibility of plaintiff's testimony. Defendant does not contend that the building was set on fire, but maintains that plaintiff's inconsistent statements concerning the time of the fire and his whereabouts at such time, and concerning the property destroyed, and the general lack of definiteness in his testimony, serve to place in jeopardy the correctness of the trial court's finding upon the question of vacancy and to establish a preponderance of proof in favor of the defendant, showing grounds of forfeiture by reason of unoccupancy. The policy provides that it shall be void if the building be or become vacant or unoccupied and so remain for 10 days. The terms "vacant" and "unoccupied" are not synonomous. The former term generally refers to inanimate objects; the latter, to animate occupancy. 14 R. C. L. 1103; 19 Cyc. 729. The house was not at any time vacant from the date when the insurance was written until the time of the fire. The personal belongings of the plaintiff and of his deceased wife, the furniture of the home, all continued to remain in the home place. The amount of loss sustained by the plaintiff on his home and household goods appears to be considerable in excess of insurance thereupon. Plaintiff explains about not being around the premises when at work over at his father's, concerning boarding up the windows so as to protect against cattle rubbing against the same, and about locking the doors.

This testimony was not necessarily unreasonable in view of the fact

that the plaintiff's wife was no longer there at home, and manifestly he still continued a working man. We are not impressed that the plaintiff's testimony shows any earmarks or badges of fraud. Such being the case, its credibility, perhaps, is not broken down by the fact that he openly states that mistakes were made in the notice of loss and proof of loss. Perhaps it might be surmised that, if there were intent to defraud, these mistakes might not occur out of his own mouth. The stipulation in the policy concerning unoccupancy provides a condition of forfeiture. It is inserted for the benefit of the insurer and is to be strictly construed. Traders' Ins. Co. v. Race (Ill.) 29 N. E. 846.

The trial court has found for the plaintiff upon the issue of unoccupancy. Ordinarily the question of occupancy is one of fact for the jury. Horswill v. Mut. Ins. Co. (N. D.) 178 N. W. 798, 799, 14 R. C. L. 1103; Cooley, Briefs Ins. vol 2, 1686. The findings of the trial court in the instant case take the place of a verdict. They are presumed to be correct, and will not be disturbed where substantial support exists in the evidence. Jasper v. Hazen, 4 N. D. 1, 5, 58 N. W. 454, 23 L. R. A. 58; State Bank v. Maier, 34 N. D. 259, 268, 158 N. W. 346; Griffith v. Fox, 32 N. D. 650, 654, 156 N. W. 239; Stavens v. Nat. Elev. Co., 36 N. D. 9, 14, 161 N. W. 558. Otherwise this court would become a trier instead of a reviewer of facts upon appeals in such cases. We are not prepared to say, as a matter of law, that the findings are clearly opposed to the preponderance of the evidence, or that they do not find substantial support in the evidence.

The judgment is affirmed with costs.

GRACE, C. J., and CHRISTIANSON, and BIRDZELL, JJ., concur.

ROBINSON, J., dissents.