MATHEW MICHELSEN, Respondent, v. NORTH AMERICAN NATIONAL INSURANCE COMPANY, a Corporation, Appellant, and L. R. BAIRD, as Receiver of the Farmers State Bank of Regan, and War Finance Corporation, a Corporation, Respondents.

(206 N. W. 225.)

**Insurance — bank cashier, also agent of insurance company, transmitting application for insurance on buildings on which bank held mortgage, held to act as agent for insurance company.**

1. Where the cashier of a bank is also the agent of an insurance company, and where, acting as such agent, he transmits to the company an application for insurance upon certain buildings, requesting the insertion of a loss payable clause in favor of the bank, a mortgagee of the buildings, he thereby transmits an application for a policy of insurance *other than for himself* and is agent for the insurance company "to all intents and purposes," by virtue of § 4959 of the Compiled Laws for 1913.

**Insurance — insurance company held bound by knowledge of agent as to interest of applicant in property insured and in real property upon which situated.**

2. An insurance company is bound by the knowledge of its agent as to the interest of the applicant in the property insured and in the real property upon which the same is situated.

---

Note.— (2) Knowledge of soliciting agent as binding company, see 14 R. C. L. 1159; 5 R. C. L. Supp. 799.

(3) Want of title to land where insured is owner of building as waiver of provision in policy as to ownership, see annotation in 38 L.R.A. (N.S.) 429, 14 R. C. L. 1169; 3 R. C. L. Supp. 351.

**Insurance — company, issuing policy with knowledge that applicant's title is not in fee simple, held to waive provision therein requiring him to have such title.**

3. Where an insurance company, acting either with actual or imputed knowledge that the interest of the applicant in the real property, upon which the insured buildings are situated, is other than a title in fee simple, issues a policy containing the provision that the same shall be void if the subject of the insurance be a building on ground not owned by the insured in fee simple, it waives the effect of such provision.

**Insurance — evidence held sufficient to sustain judgment.**

4. The evidence is held sufficient to support the judgment.

Opinion filed November 13, 1925.

Fire Insurance, 26 C. J. § 390 p. 317 n. 24; § 762 p. 546 n. 46.  Insurance, 32 C. J. § 132 p. 1057, n. 11; § 618 p. 1343 n. 66.

Appeal from the District Court of Sheridan County, *Jansonius*, J. Affirmed.

*Lawrence, Murphy & Nilles*, for appellant.

It is the duty of the agent to disclose to his principal all notice or knowledge which the agent may possess and which appears to be necessary for the principal's protection or guidance.  This duty the law presumes the agent to have performed and therefore imputes to the principal whatever notice or knowledge the agent then possessed.  Mechem, Agency, § 1806; 11 Wall. (U. S.) 367, 20 L. ed. 167.

Subject to these exceptions, the theory of presumption of communication is supported by the better reason and by a clear preponderance of authority.  Mechem, Agency, § 1811.

A well-recognized exception to the general rule that a principal is chargeable with the knowledge acquired by his agent exists where the officers of a bank are personally interested in a transaction to which the bank is also a party in interest.  The reason for the exception is that the officer will not be presumed to impart knowledge which is adverse to his own interests.  29 L.R.A.(N.S.) 558.

The knowledge of a bank director is not chargeable to his bank with respect to all discounts and all other matters in which he is interested, for the presumption is that he will not communicate them, since his

purpose would be best served by maintaining silence. 5 Cyc. 463; 2 L.R.A.(N.S.) 993; 49 L.R.A.(N.S.) 764; 7 C. J. 534.

*Geo. Thom, Jr.,* and *Zuger & Tillotson,* for respondents.

The insurance company waived the forfeiture clause with respect to ownership of the land and interest in the property insured under the policy. Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 127 N. W. 387.

The authorities are generally agreed that a mere overvaluation in proofs of loss is not conclusive that fraud has been committed. It is necessary to go further and show that the misstatements were made knowingly and with the intent to deceive the insurer concerning some matter material to the insurance. Weisman v. American Ins. Co. (Wis.) 199 N. W. 55.

BIRDZELL, J. This is an appeal from a judgment and from an order denying the defendants' alternative motion for judgment non obstante or for a new trial. The action was brought to recover upon a fire insurance policy and was tried by stipulation before the judge of the district court of Burleigh county without a jury. The facts may be stated as follows: The plaintiff was in possession of a section of school land as assignee of a lease. On this land were three buildings, a house, a barn and a granary, which were owned by the plaintiff. Being indebted to the Farmers State Bank of Regan, he gave to that bank a chattel mortgage covering certain live stock and the buildings above referred to. Thereafter the bank transferred this indebtedness and security to the defendant, the War Finance Corporation. A few days after the mortgage was given to the bank, the plaintiff made application for insurance upon the buildings through one Vold, the cashier of the Farmers State Bank and local agent of the insurance company. The application for the insurance is as follows:

APPLICATION OF Mathew Michelsen, P. O. Address Wing, North Dakota, for insurance in NORTH AMERICAN NATIONAL INSURANCE COMPANY of Des Moines, Iowa.

Agency Regan, No. Dak. —— Agents leave Blank. Policy No. —— Old Policy No. ——. From Mo. Nov. Day 27th, 1922 To Mo. Nov. Day 27th, 1925.

Against Loss or Damage From Fire and Lightning $1950.00 Rate 1.70   Premium 33.15   Term three years.   Tornado or Windstorm $—— Rate —— Premium —— Term —— Years.

According to the specifications on the back hereof, which are made a part of this application; subject to the approval of said Company, and to the terms and conditions hereof and of the policy, if any be issued;

Are buildings occupied by Owner? ——.   Tenant? *Yes.*   Vacant? ——.

Are all chimneys constructed of brick?   *Yes.*   If not, what material? ——.

Do all stovepipes enter good brick chimneys?   *Yes.*

Do any stovepipes pass through roof or side of building?   *No.*

Do any stovepipes enter chimney in attic or unoccupied room?   *No.*

Building:   Dwelling No. 1; Length: *32*; Width *22*; Height of Posts: *8;* Is it Frame, Brick or Stone: *Frame;* Kind of Roof: *Shgle;* Kind of Foundation: *Rock;* Years Old: *5;* When Painted: *Not;* Condition: *Good.*

Addition:   Building:   Barn No. 1; Length: *80*;   Width: *40*; Height of Posts: *8;* Is it Frame, Brick or Stone: *Frame;* Kind of Roof: *Board*;   Kind of Foundation: *rock*;   Years Old: *5*;   When Painted: *Not;* Condition: *Good.*

Barn No. 2: Building: Granary No. 1; Length: *18*; Width: *16*; Height of Posts: *8*; Is it Frame, Brick or Stone: *Frame*; Kind of Roof *Shgle;* Kind of Foundation: *Rock;* Years Old: *5;* When Painted: *Not;* Condition: *Good.*

Crib: Are you sole and undisputed owner of the property to be insured, and the land whereon it is situated?   *Yes.*

What is your title; is it by deed or contract?   *Bill of Sale.*

Is your property encumbered?   *Yes.*   If so, by what, and for what amount?   *$2600.00 with other security.*

If encumbered, what is the value of the whole property encumbered, including buildings?   *$5500.00*

Loss, if any, payable to *Farmers State Bank, Regan, N. D. Mortgagee,* as interest may appear.

How many acres of land do you own?   *640 acres, School Land.*

What is it worth per acre?   *$20.00*

Is the personal property encumbered? *None described herein but the buildings.*

Has this Company any other insurance on these premises? *No.*

If so, give policy numbers ———.

Is there any other insurance on the property upon which this insurance is desired? *No.* If so, how much, and what is it on? ———. Have you ever had a loss by fire? *No.* If so, give date and cause of fire and amount of loss? ——— Has this risk been rejected by any other Company *No.* How many Horses, Mules and Colts of all ages do you own? *not described herein.*

How many Cattle and Calves of all ages? *same as above.*

How many hogs? *Do.* How many Sheep? *Do.*

The foregoing is my own statement, and the questions are answered by me, or by my authority, and shall be taken as my act. The statements herein made give a correct valuation and description of the risk, including title, occupancy and all encumbrances.

This application shall not be construed as a contract of insurance as against said Company, until the same shall be approved by the officers of said Company, which approval shall be evidenced by the issuance and delivery of their policy.

Dated *Nov. 22nd 1922.*                    *Mathew Michelsen,* Applicant.

The plaintiff denies the signature to the above application but admits that he knew of it and relied upon Vold to assist him in effecting the insurance. Vold, at the time, knew the character of the plaintiff's interest in the land upon which the buildings were situated. The policy contained a loss payable clause in favor of the mortgagee, and also the following provision:

"This entire policy unless otherwise provided by agreement, endorsed hereon or added hereto, shall be void if the subject of insurance be a building on ground not owned by the insured in fee simple."

The buildings were later completely destroyed by fire.

The first contention of the appellant is that the evidence relating to the value of the buildings is not sufficient to sustain the judgment. It is conceded that Michelsen was the owner of the buildings, treated as personal property. He testified that the three buildings were worth about $3,500. (The policy insures them for $1,950.) Michelsen fur-

ther stated that his testimony as to value was based partly upon the loss of the use of the buildings during the period necessary for reconstruction. It appears, however, that he had made inquiry as to the cost of lumber necessary to replace them; that he had considered what it would cost to haul the lumber and to employ the necessary labor for reconstruction, and, while the amount which be allowed in his testimony for loss of use does not appear to have been estimated, it is reasonably clear, considering his testimony as a whole, .that the bare cost of replacing is much in excess of the face of the policy. We are of the opinion that the evidence is sufficient.

The principal contention is that the policy was void according to its own provisions, because the buildings were located on land not owned by the plaintiff and that the defendant company is not precluded from relying upon and enforcing the policy provision. It will readily be seen from an inspection of the foregoing application that it apprises the insurance company that the bank, of which its own agent was cashier, was interested as mortgagee in the subject of the insurance; likewise, that the land of the insured was school land; and that the buildings were acquired by bill of sale and referred to as personal property. It would seem that an insurance company receiving such an application from its own agent should be under some duty to ascertain the actual situation before issuing the policy. However, we are of the opinion that the contention of the appellant that the policy is void by reason of the failure of the application to contain a correct statement of the interest of the insured in the real property, is answered by the statute.

Section 4959 of the Compiled Laws for 1913 provides that "whoever transmits an application for a policy of insurance *other than for himself* to or from any such corporation . . . or in any manner aids or assists . . . shall be held to be an agent of such corporation to all intents and purposes." It can not be contended that this application was transmitted for the agent. It was transmitted for Michelsen, the insured, and the statute plainly says that the agent transmitting it shall be held to be the agent of such corporation to all intents and purposes. Since the agent of the insurance company had knowledge that the interest of the insured in the real property was that of a lessee and that the buildings were personalty, such knowledge is chargeable to the

insurance company. When, therefore, it issued the policy it must be held to have waived the stipulation that it should be void if the insured did not own the premises in fee simple.

The appellant contends, however, that Vold was in reality acting for himself and that his knowledge is not to be imputed to the insurance company, and reliance is had upon the case of First Nat. Bank v. German American Ins. Co. 23 N. D. 139, 38 L.R.A.(N.S.) 213, 134 N. W. 873. In that case one Torbenson was cashier of the plaintiff bank and local agent of the insurance company. He effected insurance on the bank building and fixtures in the company which he represented as agent. He thus occupied the position of agent for the concern in which he was personally interested, the insured, and agent for the defendant company. It was there held that the insurance company was not chargeable with notice that additional insurance was effected without its consent, where such additional insurance had been effected by Torbenson. The court distinguished the case from Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 837, where the plaintiff had correctly stated to the insurance agent the facts regarding his interest in the property, and the agent had carelessly and negligently omitted to state in the policy the nature of that interest, and where the holding was to the effect that the defendant was precluded from urging the defense that the policy, by its own terms, was void at its inception on account of the failure to properly state the interest of the insured in the property.

While it is seriously contended that the insurance in the instant case was in reality issued for the benefit of the bank which had a chattel mortgage on the buildings and that it continued to be the real party in interest and is the party that should have brought suit on the policy, we think the contention is untenable. The bank held other security and, so far as this record shows, the plaintiff may have been financially responsible and entirely able to pay his indebtedness regardless of this security; but whether this be so or not he was personally liable to the bank and the mortgage was only security. The buildings still belonged to him and any recovery in this action is primarily for his benefit. If the proceeds go to the bank under the loss payable clause, the indebtedness of the plaintiff is discharged pro tanto, and in case of non-recovery, the loss would be his and not that of the bank; whereas, in the case

of First Nat. Bank v. German American Ins. Co. supra, the non-recovery resulted in the loss being borne by the bank in which Torbenson, the agent of the insurance company, was interested as a stockholder, he being the person who acted in the dual capacity. In the case at bar the plaintiff acted for himself and, while he did not act as scrivener in making out the application, there is no suggestion that he concealed any facts from the agent of the insurance company. There being no error in the record, the judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.