SAMUEL McDOWELL, Respondent, v. FIREMAN'S FUND INSURANCE COMPANY, a Foreign Corporation, Appellant.

(191 N. W. 350.)

**Insurance — agent may waive conditions of policy within scope of powers.**
 1. An insurance agent, authorized to issue, assign, cancel, and attach permits to fire insurance policies, may waive conditions in a policy, within the powers intrusted to him, the same as his company.

**Insurance — agent may waive stipulation of nonwaiver so far as conflicting with his powers.**
 2. An agent, possessed of such powers, may waive a stipulation of nonwaiver contained in the policy so far as the same conflicts with his powers.

**Insurance — insurer must affirmatively plead breaches of conditions.**
 3. It is the duty of an insurance company to affirmatively plead breaches of conditions contained in a policy.

**Insurance — unnecessary for insured to replead breach of conditions in reply.**
 4. To present a waiver of such conditions, it is unnecessary for the insured to plead the same in a reply.

Note.—On effect of nonwaiver agreement on conditions existing at inception of insurance policy, see note in 13 L.R.A.(N.S.) 827; 14 R. C. L. 1161, et seq.; 3 R. C. L. Supp. 350; 5 R. C. L. Supp. 799.

**Insurance — in action on fire insurance policy, where the defense is breach of conditions, waiver properly for jury.**

5. In an action upon a fire insurance policy, where the defense presented breaches of conditions in a policy concerning vacancy, unoccupancy, increase of hazard through mortgage and conveyance of the premises, it is *held* that the trial court properly submitted the questions of waiver to the jury.

Opinion filed November 2, 1922.

Fire Insurance, 26 C. J. § 360 p. 287 n. 55; § 364 p. 292 n. 29; § 704 p. 500 n. 96; § 710 p. 504 n. 50; § 769 p. 556 n. 14. Insurance, 32 C. J. § 593 p. 1328 n. 3; § 598 p. 1332 n. 47, 48; 33 C. J. § 802 p. 88 n. 5; § 805 p. 91 n. 47; § 868 p. 135 n. 70.

Action in District Court, Eddy County; *Coffey*, J.

Defendant has appealed from the judgment and from an order denying judgment non obstante, or, in the alternative for a new trial.

Affirmed.

*Lawrence, Murphy & Nilles,* and *R. F. Rinker,* for appellant.

*N. J. Bothne,* for respondent.

## Statement.

BRONSON, J.   This is an action upon a policy of fire insurance. Defendant has appealed from a judgment in plaintiff's favor and from an order denying judgment non obstante or, in the alternative, for a new trial.   The facts are:   Plaintiff owned a half section of land with two separate dwellings thereon.   On Jan. 17th, 1918, defendant issued its policy of $1,000 for a term of three years upon one of these dwellings.   This dwelling was distant about three fourths of a mile from the other, the home dwelling.   The former was then occupied by a tenant. Later, it was occupied by plaintiff's son under a contract for a deed dated Nov. 20th, 1918.   In January, 1920, this contract was canceled and a quitclaim of the land made by the son to the plaintiff.   For a time the premises were then occupied by another tenant and later by a hired man, for a certain period of time.   During 1920 until about Christmas the plaintiff used the dwelling in his farming operations for purposes of getting meals and other temporary purposes during his farm operations.   One Sexton, who made and signed the insurance policy as defendant's agent, was president of a bank in New Rockford

49 N. D.—12.

where plaintiff did his business and from whom he secured several policies of fire insurance. In December, 1920, plaintiff executed a real estate mortgage upon the land. He testified that he notified this agent about this loan and mortgage for the express purpose of saving his insurance, and the agent told him that it was all right; that it did not make any difference. Also, that when he made the contract with his son he notified the agent and that he was advised that it did not make any difference as the buildings belonged to plaintiff and it would be all right with the company. That, just before Christmas, when he quit eating there and using this dwelling, on that very day, he told the agent about the vacancy and he was advised that it was all right and would not make any difference. About Jan. 17th, 1921, before the insurance expired, plaintiff discovered that the dwelling had been totally destroyed by fire within a week previous. Defendant denied liability. It alleged in its answer: First, the vacancy and unoccupancy of the dwelling for a period of more than ten days and at the time of the loss; Second, increase of the hazard by encumbrances through mortgage and other liens; and, third, violation of the terms of the policy concerning concealment or misrepresentation of material facts, change of the interest of the insured in the property, and increase of hazard by plaintiff's acts, all contrary to the conditions of the policy. Plaintiff made no reply to these affirmative defenses.

Defendant contends that the evidence establishes vacancy and unoccupancy; that this was a material increase of the hazard; that the mortgage operated as a change of interest and an increase in the hazard; that the contract for a deed constituted change of interest; that it was necessary for the plaintiff to affirmatively plead waiver and that the evidence is insufficient to establish waiver; that the trial court erred in not granting a continuance to secure the agent's testimony.

### Decision.

It was defendant's duty to affirmatively plead breach of conditions and stipulations of the policy. Beauchamp v. Retail Merchants Asso. 38 N. D. 483, 496, 165 N. W. 545; Ennis v. Retail Merchants Asso. Mut. F. Ins. Co. 33 N. D. 20, 32, 156 N. W. 234; 26 C. J. 500. Defendant performed this duty. To present a waiver of these alleged breaches of conditions it was unnecessary for the plaintiff to allege the

same in a reply. Beauchamp v. Retail Merchants Asso. 38 N. D. 497, 165 N. W. 545; 26 C. J. 503. The defenses presented were subject to waiver. Beauchamp v. Retail Merchants Asso. 38 N. D. 492, 165 N. W. 545.

The policy was signed and delivered by Sexton as a duly authorized agent of the defendant. As such agent he attached to the policy a lightning clause, a gasolene stove permit, a trading with the enemy clause, and a percentage clause. Unquestionably, a vacancy permit attached by him, a loss clause payable to a mortgagee, his consent to an assignment of the insured's interest, all, would have been binding upon the company. His agency covered powers of issuance, of cancelation, of assignment, and of permits, for policies. Assuredly, his powers were coextensive with the powers intrusted to him. As such agent, possessing such powers, he had the authority to create and to waive conditions the same as his company. It was his act that imposed the conditions in the contract which he made. It was his acts and conduct that might waive such conditions, within the powers instrusted to him. Any stipulation in the contract to the contrary might itself be waived by him, pursuant to the powers intrusted to him, either by his express agreement or conduct. Beauchamp v. Retail Merchants Asso. supra; Bank of Anderson v. Home Ins. Co. 14 Cal. App. 208, 111 Pac. 507; Shook v. Retail Hardware Mut. F. Ins. Co. 154 Mo. App. 394, 134 S. W. 589; Brennen v. Connecticut F. Ins. Co. 99 Mo. App. 718, 74 S. W. 406; Continental Ins. Co. v. Bair, 65 Ind. App. 502, 114 N. E. 763, 116 N. E. 752; Continental F. Ins. Co. v. Brooks, 131 Ala. 614, 30 So. 876; Berry v. American Cent. Ins. Co. 132 N. Y. 49, 28 Am. St. Rep. 548, 30 N. E. 254; Benninghoff v. Agricultural Ins. Co. 93 N. Y. 495, 26 C. J. 288. Accordingly, notice to the agent was notice to the company; waiver of the agent was waiver of the company. See Yusko v. Middlewest F. Ins. Co. 39 N. D. 67, 166 N. W. 539. Assuredly, there could be no increase of hazard where the increase, if any, was waived by the defendant. The execution of the mortgage did not change the title, interest, or possession of the insured. Parmeter v. Williamsburgh City F. Ins. Co. 48 N. D. 530, 185 N. W. 810. Properly, the questions of waiver were submitted to a jury. It was within the discretion of the trial court to refuse any continuance. The judgment and order are affirmed with costs.

BIRDZELL, Ch. J., and CHRISTIANSON, and GRACE, JJ., concur.

ROBINSON, J. (dissenting). In consideration of $15 defendant made to plaintiff an insurance policy and thereby agreed to insure him for three years from January 17, 1918, against loss by fire to the amount of $1,000 on a frame dwelling house on section 15–Tp. 148–Rg. 67. On the day before the expiration of the third year the house was completely destroyed by fire. Plaintiff obtained a judgment for $1,000 and defendant appeals.

The principal defense is that the insurance policy or contract provides that the policy, unless otherwise provided by an agreement indorsed thereon, shall become void if the house become vacant and unoccupied and so remain for ten days. The complaint is based on the original policy, without any modification, and on the trial it was shown to an absolute certainty that the dwelling house was continuously vacant and unoccupied for two months before its destruction by fire. The plaintiff relied on a waiver and testified against objection that he had given oral notice of the vacancy to the agent who took his application for insurance, and that said agent had told him it would be all right. But there was no such agreement or waiver indorsed on the insurance policy. There was no proof that the alleged agent had any power to make an agreement modifying or varying the terms of the policy and the complaint did not aver any such modification of the terms of the policy. The law is that in an action on a contract, when a party relies on a modification, or, which is the same thing, on a waiver of conditions of the contract, he must plead and prove the same as a part of the contract; that is, when a contract is modified and a suit brought thereon, the plaintiff must show the actual contract, as modified, on which the suit is brought. Here the contract was to insure an occupied dwelling house, and not a dwelling house vacant, unoccupied, and abandoned for two months. The plaintiff sues to recover for the loss of an occupied dwelling house and his proof wholly fails to show such a loss. On the contrary, the testimony of the plaintiff and other witnesses conclusively shows that at the time of the loss and for two months prior thereto the building was not in any manner occupied. It was vacant and was used for no purpose whatever. The plaintiff has not merely failed to prove a cause of action on the insurance policy; he has proven that he has no cause of action.