WM. PFAFFENGUT, Respondent, v. EXPORT INSURANCE COMPANY OF NEW YORK, a Corporation, Commercial Credit Trust, a Corporation, Commercial Acceptance Trust, a Corporation, and Dakota Auto Sales, a Corporation.

EXPORT INSURANCE COMPANY OF NEW YORK, a Corporation, Appellant.

and

WM. PFAFFENGUT, Respondent, v. EXPORT INSURANCE COMPANY OF NEW YORK, a Corporation, Commercial Credit Trust, a Corporation, and Home Fire and Marine Insurance Company of California, a Corporation.

EXPORT INSURANCE COMPANY OF NEW YORK, a Corporation, Appellant.

(212 N. W. 518.)

**Evidence — findings supported by evidence.**

1. Plaintiff brought the above entitled actions; one, to recover on a policy of insurance on an automobile; the other, to determine the rights of the parties in and to a draft issued in settlement of a claim of loss under a second policy on the same automobile. The trial court made findings of fact favorable to the plaintiff in both cases. *Held*, for reasons stated in the opinion, that the evidence is sufficient to sustain the findings as made by the trial court.

---

Annotation.—(3) Additional insurance as avoiding policy containing conditions against other insurance, see 14 R. C. L. 1136; 3 R. C. L. Supp. 346.

(4) Rule as to waiver of forfeiture on the part of insurance company, see 14 R. C. L. 1181; 4 R. C. L. Supp. 944; 5 R. C. L. Supp. 800; 6 R. C. L. Supp. 863.

**Insurance — breach of conditions — waiver of rights may be established.**

2. Where, in an action to recover on a policy of insurance the defendant pleads as a defense breach of a condition of the policy and that the same is void on account of such breach, the plaintiff under §§ 7452 and 7467–7477, Comp. Laws 1913, may rely upon, and establish, a waiver of the right to avoid the policy without pleading such waiver by way of reply.

**Insurance — policy voidable.**

3. A provision in an insurance policy that the policy shall be void, if at the time of loss there be any other insurance covering such loss, does not render the policy void for breach thereof but only voidable.

**Insurance — insurer's right to avoid policy waived.**

4. In an action to recover for loss under a policy of insurance which the insurer seeks to avoid for breach of condition, the court will apply the rule that forfeitures are not favored and will be prompt to seize hold of any circumstances indicating an election on the part of the insurer to waive the right to avoid. *Held*, for reasons stated in the opinion, that the right to avoid the policy sued upon in the instant case was waived by the insurer.

Opinion filed February 17, 1927.

Appeal and Error, 4 C. J. § 2722 p. 775 n. 26; § 2853 p. 878 n. 81; p. 880 n. 97. Fire Insurance, 26 C. J. § 350 p. 278 n. 4; § 352 p. 281 n. 50. Insurance, 32 C. J. § 482 p. 1270 n. 82; § 565 p. 1315 n. 57; § 639 p. 1355 n. 15; 33 C. J. § 818 p. 101 n. 62.

Appeals in two cases from the District Court of Sheridan County, *Coffey,* J.

Judgment affirmed in both cases.

*M. A. Hildreth,* for appellant.

It was always the settled law that when there is a standard form of policy, a provision against other insurance is a part of the contract of insurance, and this provision, if violated by the assured, renders the contract of insurance void. Larner v. Globe Mut. Ins. Co. 25 S. D. 549, 127 N. W. 615; Hicks v. British American Ins. Co. 162 N. Y. 284, 48 L.R.A. 424; Wild Rice Lumber Co. v. Royal Ins. Co. 99 Minn. 190, 108 N. W. 871.

The company could not waive what it had no knowledge of until proofs of loss were served. Thompson v. Travelers Ins. Co. 13 N. D. 444, 101 N. W. 900.

Under the laws of this state a standard form of policy is prescribed

55 N. Dak.—8.

by law. It is a part of the contract that other insurance is prohibited unless consented to. Larson v. G. M. Ins. Co. 25 S. D. 549, 127 N. W. 522; Hicks v. British Am. Ins. Co. 162 N. Y. 284, 48 L.R.A. 424.

A careful examination of the decisions establish that to constitute waiver there must be (1) knowledge, (2) inconsistent conduct, (3) that by that conduct the assured has been misled to his prejudice. Thompson v. Ins. Co. 11 N. D. 274; Johns v. Dakota F. & M. Ins. Co. 1 N. D. 167; Thompson v. Travelers Ins. Co. 13 N. D. 447.

*Peter A. Winter,* for respondent.

"Payment by an insurance company of a fire loss to anyone who took an assignment of the policy as security for the payment of a mechanic's lien on the property insured discharges the lien debt, and does not create an assignment of the creditor's debt to the insurance company, the policy having been taken out and paid for by the owner." Fire Asso. v. Patton (Burton-Lingo Co. v. Patton) 15 N. M. 304, 27 L.R.A. (N.S.) 420, 107 Pac. 679.

The modern tendency of all courts is, that in cases like the one at bar, to construe the policy to avoid, if possible, any such forfeiture provisions as are contained in this policy. Beauchamp v. Retail Merchants Asso. 38 N. D. 483, 165 N. W. 545.

It is the general rule that, to avoid a policy on account of additional insurance, the additional insurance must be valid and enforceable. If it is void there has never actually been any additional insurance, and the prior policy is unaffected. 26 C. J. 261.

"Other insurance does not mean no insurance at all, nor does it mean a policy which may, at the option of the underwriter, be cancelled, for that is at best but conditional insurance; but it means a binding, available insurance, one upon which the insured can rely for protection in case of loss and which he can enforce by law and which cannot be repudiated with impunity at the arbitrary election of the insurer." Sweeting v. Hartford County Mut. F. Ins. Co. 32 L.R.A. 570.

"In these circumstances, there was clearly some unearned premium; that is, the amount which would be left unearned of the premium from the date of the fire to the expiration of the policy. The defendant made no offer to return the unearned premium, and we are of the opinion that it cannot retain it and still deny liability on the policy." Horswill v. North Dakota Mut. F. Ins. Co. 45 N. D. 600, 178 N. W. 798.

Nuessle, J. Two cases. One brought by the plaintiff to recover on a policy of insurance on an automobile; the other to determine the rights of the defendants in and to a certain draft issued by the defendant Home Fire and Marine Insurance Company of California to the plaintiff and defendant Commercial Credit Trust jointly, in settlement of a claim of loss under an insurance policy.

The record tends substantially to establish the following facts. In June, 1924, the plaintiff bought an automobile on the instalment plan. He paid a portion of the purchase price in cash and gave a chattel mortgage, later assigned to the defendant Commercial Credit Trust, to secure the unpaid instalments. At the same time he procured the issuance by the defendant Export Insurance Company of an insurance policy for $458 covering the automobile. Under the terms of this policy the loss, if any, was made payable to the chattel mortgagee, as its interest might appear. The policy was in the form generally used in such case and among other provisions stipulated that if at the time of loss there were any other insurance on the automobile, the policy should then be void and no recovery had thereunder. Notwithstanding this stipulation the plaintiff in November, 1924, procured another policy of insurance on the automobile for $500 written by the defendant Home Fire and Marine Insurance Company of California. Thereafter in the same month the automobile was destroyed by fire. The plaintiff in January, 1925, made out his proof of loss and submitted it to the defendant Export Insurance Company. In this proof of loss he stated that he had another policy with the Home Company on the same automobile. As a part of the proof of loss plaintiff signed a so-called "subrogation receipt" acknowledging receipt of $300, the amount of loss claimed under his policy, and in consideration thereof releasing the defendant Export Company from any further claim on account of loss or damage, and subrogating it to all right of recovery which he might have against anyone on account of the same. The Export Company immediately upon receiving proof of loss returned it stating that since the provision of the policy forbidding other insurance had been violated by the plaintiff, the policy was void at the time of the fire and the company would refuse to pay the claim. However, the Commercial Credit Trust, the holder of the instalment mortgage made claim upon the Export Company for payment to it of loss under the policy. There-

upon in May, 1925, the Export Company paid the claim and took an assignment of the chattel mortgage to itself. This was done without the knowledge or consent of the defendant, other than as evidenced in the loss payable clause in the policy. The amount due on the mortgage and paid by the defendant was $276. The automobile at the time of the fire was worth approximately $650. The Home Insurance Company policy also provided that no other insurance was permissible on the automobile, and that "no recovery shall be had under this policy if at the time a loss occurs there be any other insurance covering such loss which would attach if this insurance had not been effected." The Home Insurance Company, however, adjusted the loss under its policy and issued a draft for $336, the amount thereof, payable jointly to the plaintiff and the Commercial Credit Trust, the holder of the instalment mortgage. The pro rata share of the loss payable under the Export Insurance Company's policy was $300. The Export Company retained all of the premium paid to it by the plaintiff for the policy issued to him and did not repay or tender back any portion thereof until after trial of the suit brought to recover on the policy. When such tender was made the plaintiff refused to accept the same on the ground that it was too late.

In November, 1925, the plaintiff brought the instant actions. The first to recover from the defendant, Export Insurance Company, the face of the policy issued by it, together with interest; the second to have determined the rights and claims of the various defendants in and to the draft for $336 delivered by the Home Fire and Marine Insurance Company in settlement of loss under its policy. The defendant, Export Insurance Company, in its answer to the complaint in the first action, admitted the issuance of the policy upon which suit was brought, pleaded the provision forbidding other insurance, alleged that such provision was violated and therefore the policy was void, and asked for a dismissal of the action. In its answer to the complaint in the second action the defendant, Export Company, alleged that it had purchased the instalment mortgage from the Commercial Credit Trust and was the assignee and owner thereof; that there was due and unpaid on such mortgage the sum of $276; that it was entitled to be subrogated to the plaintiff's rights to the draft issued by the Home Company, and asked for judgment accordingly. The defendants, the Home Fire and

Marine Insurance Company and Commercial Credit Trust, disclaimed any interest in the several cases and no further consideration need be given to them in disposing of these appeals. The cases were tried simultaneously to the court without a jury. The trial court found the facts to be substantially as hereinbefore set forth.

In the first action the trial court held that the provision of the policy forbidding other insurance was for the benefit of the defendant; that the defendant had by its conduct waived its right to rely upon this clause or to declare a forfeiture thereunder; that the plaintiff was entitled to recover pro rata against the defendant on account of the loss of the automobile; that the defendant should be credited on the amount so due from it to the extent of the payment made by it to the holder of the instalment mortgage. The court ordered judgment in favor of the plaintiff for the difference between the amount paid by the defendant to the holder of the mortgage and the amount ($300) found by the court to be due from the defendant on account of the loss under the policy, together with interest thereon. In the second action the trial court held that since there had been a waiver by the Export Company of the right to avoid the policy on account of violation of the provision against other insurance, the liability under the policy was more than enough to discharge the mortgage debt and so defendant was not entitled to be subrogated to any rights to the draft issued by the Home Insurance Company in payment of loss under its policy, and ordered judgment for plaintiff accordingly. Thereafter the defendant Export Insurance Company moved for a new trial in each of the actions. The motions were denied. These appeals are from the respective judgments as entered, and from the orders denying defendants' motions for new trials.

Defendant in support of its appeals contends that the evidence is insufficient to sustain the findings as made by the trial court; that the policy was avoided by reason of breach of the provision forbidding other insurance; that the failure of the defendant to tender any portion of the unearned premium back to the plaintiff did not constitute a waiver of its right to avoid the policy; that in any event the tender as made by it was timely; that its action in paying the claim of loss of the mortgagee and taking an assignment of the mortgage did not constitute a waiver of its right to avoid the policy; that the plaintiff

did not reply to the answers of the defendant setting up waiver and, therefore, could not raise the question of waiver; that the action of the defendant in paying the claim of the Commercial Credit Trust and taking an assignment of the mortgage could not be used as a foundation for a claim of waiver by the plaintiff in this court since plaintiff had not made such claim in the lower court; that in any event the defendant is subrogated to the rights of the Commercial Credit Trust, both on account of the assignment of the latter's mortgage and on account of the subrogation receipt executed by the plaintiff and submitted with his proof of loss.

There is no merit to the contention that the evidence is insufficient to sustain the findings. The first case was properly triable to a jury. The findings made by the court are presumed to be correct and will not be disturbed unless clearly contrary to the preponderance of the evidence. In the second case even though it were properly triable to the court, nevertheless, the findings of the trial court are entitled to and must be given some consideration here. We think it sufficient to say without going into particulars that the evidence well sustains the findings as made by the trial court in both of the cases.

This brings us to the question of waiver. Defendant first urges that it had pleaded an avoidance of the policy in its answers, that the plaintiff failed to reply setting up waiver on the part of the defendant and so cannot now rely upon waiver. Under the circumstances waiver was not required to be pleaded. Contention to the contrary is concluded by the repeated holdings of this court. See §§ 7452 and 7467–7477, Comp. Laws 1913; McDowell v. Fireman's Fund Ins. Co. 49 N. D. 176, 191 N. W. 350; Moores v. Tomlinson, 33 N. D. 638, 157 N. W. 685; Beauchamp v. Retail Merchants Asso. 38 N. D. 483, 165 N. W. 545 and authorities cited.

Might the provision relied upon by the defendant be waived? This provision reads: "No recovery shall be had under this certificate if at the time a loss occurs there be any other insurance covering such loss which would attach if this insurance had not been effected." This provision was a matter of contract and was for the protection of the defendant. It rendered the policy voidable and not void. See Beauchamp v. Retail Merchants Asso., supra; 26 C. J. 278. Violation of the provision by the plaintiff was not forbidden by law. The most un-

favorable consequence that could result to the plaintiff on account of such violation was avoidance of the policy. This being the case there was no reason why the defendant might not waive the advantages resulting to it from the provision. See Yusko v. Middlewest F. Ins. Co. 39 N. D. 66, 166 N. W. 539; Beauchamp v. Retail Merchants Asso. supra; 26 C. J. page 281.

Do the facts warrant the trial court's conclusion that there was a waiver of the right to avoid the policy? In determining this question it must be borne in mind that courts are loath to enforce a forfeiture and "are always prompt to seize hold of any circumstances that indicate an election to waive." See Beauchamp v. Retail Merchants Asso. supra; 32 C. J. 1315, and cases cited. Here, the policy was issued in June. The premium was paid for a year. The loss occurred in November. The whole of the premium had not been earned at the time of the loss. The defendant though claiming to avoid the policy for violation of the provision did not return or offer to return any portion of the unearned premium. When suit was brought the defendant alleged an avoidance of the policy but did not tender back the unearned portion of the premium. Again at the beginning of the trial the plaintiff insisted upon a stipulation with reference to the matter of the failure to return the premium, thus giving notice of his reliance upon that fact. But no tender was made. The trial proceeded; the evidence was submitted and the case closed; but not until argument of the case by counsel did the defendant offer a return of the unearned premium. Plaintiff then refused it on the ground that it was not timely. Plaintiff contends that the defendant must be held to have waived its right to avoid the policy. This court has held that under some circumstances failure to return or offer to return the unearned premium amounts to a waiver of the right to avoid. See Yusko v. Middlewest F. Ins. Co. supra. Whether the rule of the Yusko Case is applicable under the circumstances here disclosed we need not determine. For here the plaintiff does not rest his claim of waiver altogether on the failure to tender a return of the unearned premium. He insists that the defendant has by other of its acts with respect to the transaction evidenced an intent to waive the right to avoid the policy. He insists that waiver was evidenced by the action of the defendant in paying the claim of loss made by the Commercial Credit

Trust as mortgagee of the property insured. It appears that after the defendant was apprised that a second policy had been written on the automobile, the Commercial Credit Trust made claim upon the defendant for payment of loss under the policy. The defendant paid such loss and took an assignment of the mortgage. Clearly the payment was made in recognition of a claim of loss under the policy. That defendant took an assignment of the mortgage does not wipe out the fact of such recognition. It further appears that on the trial of the cases in the court below, the defendant took the position that it was subrogated to the rights of the Commercial Credit Trust, not only by reason of payment of the claim of loss of the mortgagee and the assignment of the mortgage, but also on account of the subrogation receipt heretofore referred to and which was signed by the plaintiff as a part of the proof of loss. This latter contention was also urged by the defendant in its brief and in argument on these appeals. Such claim of subrogation is wholly inconsistent with the contention that the policy was avoided on account of breach of the provision against additional insurance. Considering all these circumstances it seems too plain for question that the right of the defendant to avoid the policy was waived. The conclusion of the trial court in this regard was amply warranted by the record and the judgment in the first action must therefore be affirmed.

. Having made the above disposition of the appeal in the first action it follows that the judgment of the trial court in the second action is also right and must likewise be affirmed.

BIRDZELL, Ch. J., and BURKE, BURR, and CHRISTIANSON, JJ., concur.