ANNA ANDERSON, Ole Anderson, Irving Wallace, Doing Business as "Speed Wallace Motor Company," H. S. Johnson, and People's State Bank of Velva, North Dakota, a Corporation, Respondents, v. UNITED STATES FIRE INSURANCE COMPANY, a Corporation, of the City of New York, Appellant.

(222 N. W. 609.)

Opinion filed December 20, 1928.

*L. J. Palda, Jr., C. E. Brace,* and *Robt. W. Palda,* for appellant.

*F. B. Lambert* and *Jas. T. Harrison,* for respondents.

BURR, J. This action is brought to recover on a fire insurance policy covering an automobile sold by the plaintiff Wallace to the plaintiff Anna Anderson.

A trial by jury was waived, all of the facts stipulated, the court made

findings of fact and conclusions of law favorable to the plaintiffs, judgment was rendered thereon, and the defendant appeals.

The stipulated facts show that in June, 1925, the plaintiff Wallace, doing business as "Speed Wallace Motor Company" was negotiating with Anna Anderson for the sale and purchase of a car; at that time one A. R. Kumm was the cashier of the People's State Bank of Velva; it was necessary to have the deal between Wallace and Anderson in such shape that the bank would advance money on the notes which were to be given; thereupon Wallace and Anderson went to the bank to complete their deal; the bank agreed to advance Wallace on the Anderson notes such sum as would be paid by an insurance policy as total liability; Anna Anderson and her husband Ole Anderson made a partial payment and signed a note in the sum of $1,511.28 for the purchase price of the car on instalment payments, in accordance with the terms of the written contract between Anna Anderson and Wallace which contract was witnessed by the Cashier Kumm; this contract contained this provision: "Title to said automobile is reserved in said Seller for the purpose of securing to said Seller the payment of the purchase price of said automobile and items of open account, as above specified." At the same time Anna Anderson made out a "purchaser's statement" addressed to the National Bond and Investment Company of Chicago but as stated in the stipulation of facts, it was meant for and accepted by the plaintiff the People's State Bank as the basis for the loan hereinafter referred to and at the same time applied to the said A. R. Kumm for an insurance policy on the car. Mr. Kumm was the "duly authorized soliciting agent of the defendant and subagent of its state agent, A. T. Russell," and prepared, and the plaintiff Anna Anderson signed, a written application for an insurance policy in the sum of $1,395 upon the car; the policy was thereupon issued and delivered by the state agent A. T. Russell, and contained this provision:

"This entire policy shall be void unless otherwise provided by agreement in writing added thereto: (a) If the interest of the assured in the subject of this insurance be other than unconditional and sole ownership or in case of *transfer* or *termination* of the interest of the assured other than by death of the assured, or in case of any *change in the nature of the insurable interest* of the assured in the property described herein either by sale or otherwise."

The insurer attached to the policy, at the request of the insured and Wallace, a mortgagee clause and provision as follows:

"Loss Payable.

"Loss, if any, payable to Speed Wallace Motor Co. mortgagee as their interest may appear, not exceeding sum insured." etc.

After the policy was issued and delivered, and within a week or ten days after the purchase of the car the plaintiff Anna Anderson "turned over the possession of said car to one H. S. Johnson," one of the plaintiffs herein "with the understanding and agreement that the said Johnson should pay a rental of one hundred twenty-five dollars and ninety-four cents ($125.94) per month for said car and that this sum should be paid by him direct to the People's State Bank of Velva to apply on the "Speed Wallace Motor Company" note hereinbefore described, in other words that the said Johnson as rental for said car should pay the monthly payments due on said note in accordance with its terms and then when all of said payments were made that the said Anna Anderson would then give the said H. S. Johnson a bill of sale of said car but that in case of default in payment either the said Anna Anderson or Irving Wallace or the People's State Bank of Velva might immediately take possession thereof under and by virtue of the contracts and written agreements hereinbefore enumerated and that until such payment in full the title and right to possession on condition broken of the said car should remain and be in the said Anna Anderson."

Johnson made two monthly payments to Wallace under this agreement and Wallace turned the money over to the People's State Bank, to be applied upon the notes held by the bank. After Anna Anderson and her husband had signed the notes to Wallace and executed the contract and had made the application for insurance the bank made a loan to Wallace in the sum of the insurance policy and all the papers were left with the bank. Johnson failed to make his third monthly payment and therefore neither Anna Anderson nor Wallace paid any money to the bank. Thereupon the cashier called upon the plaintiff Anna Anderson in regard to her monthly payments and for the first time learned of the deal with Johnson. About a month thereafter

Johnson paid one half of the third instalment. Thereafter, Johnson and the Andersons having failed to pay Wallace the monthly instalment required, Wallace seized the car and took possession of it and all of its equipment and at that time made an agreement with Anderson and Johnson that the Speed Wallace Motor Company was to continue in possession of the car and "sell the same to such person or for such sum as in his judgment might dictate and to the best possible advantage of all the parties concerned," and out of the proceeds he should pay the amount due upon the car and turn the remainder over to Johnson and Anderson. While Wallace had possession of the car under his agreement with Johnson and the Andersons it took fire and was burned. It is stipulated by the parties that if the company is liable on the insurance policy it is liable for the full amount and that no notice of any of the deals and agreements between Johnson and Anderson or Johnson and Wallace was given to the defendant or to its agent Russell unless the knowledge of the cashier Kumm is imputed to the defendant.

The issues submitted to the court are confined to the construction of the provision in the policy which has been quoted heretofore in the light of the facts as stipulated. All questions in regard to notice to the insurer and proof of loss are eliminated, by the stipulation of facts and the issues as presented to this court on appeal.

It is the contention of the plaintiff that the facts show Anna Anderson never violated the provisions of the insurance policy. On the other hand the defendant in its answer claims Anna Anderson "had violated the terms of said policy and that said policy was in all things void at the time of loss, if any loss was sustained." The answer also alleges that Anna Anderson "had no insurable interest in the automobile described in the plaintiffs' complaint at the time of the alleged loss, that the same was not being operated by her and that she had breached all the warranties, agreements and provisions of said policy."

The policy provision under construction, held by its terms rendered void by a violation thereof, is a provision which is void merely at the option of the insurer. See Yusko v. Middlewest F. Ins. Co. 39 N. D. 66, 166 N. W. 539; Pffafengut v. Export Ins. Co. 55 N. D. 112, 212 N. W. 518. In each case cited the condition construed was one providing against double insurance and that double insurance without the

consent of the insured should render the policy void. This court held that such a provision became void at option of the insurer and therefore to that extent the contract was merely voidable. It was a condition the breach of which could be waived by the insurer. It is not the policy of the law to declare forfeiture unless compelled to do so. Hence the courts "will be prompt to seize hold of any circumstances indicating an election on the part of the insurer to waive the right to avoid." Pffafengut v. Export Ins. Co. supra.

An examination of this provision shows the company had the right to declare a forfeiture upon the happening of one or more of three events; first, if her interest should be other than "unconditional and sole ownership;" second, in case her interest was terminated or transferred other than by death; third, "in case of any change in the nature of the insurable interest of the assured."

With reference to the first possibility mentioned it is sufficient to say that the character of the interest and title of Anna Anderson in the car was known to the company at the time of the policy and before the policy was issued. When the insurance policy was issued the company knew plaintiff Anderson was not the sole owner of the car. The company knew she had bought it under a conditional sales contract. The agent of the company was one of the witnesses to the execution of this contract. The whole matter was laid before the agent, Mr. Kumm, and he was fully aware of the entire transaction between Wallace and Anderson. He consented to it and assisted in carrying it into execution. The making of the contract between Wallace and Anderson was conditioned upon getting a loan from the bank of which the defendant's agent was cashier and this again was dependent on the issuance of the insurance policy. Thus the three transactions are interlocked. The nature of the interest of Anderson in the car was the same at the time the policy was issued as it was when she purchased it, for the application for the policy was made at the same time. The policy was issued from the Fargo office two days later. The conditional sales contract between Anderson and Wallace contained the following provisions:

"If default be made in the payment of any of the installments of said note or the interest thereon then all of said installments shall, at the option of said seller, without notice of said option to any one,

become at once due and payable, anything in this agreement to the contrary notwithstanding."

"Title to said automobile is reserved in said seller for the purpose of securing to said seller the payment of the purchase price of said automobile and items of open acount, as above specified."

"Said purchaser further agrees to keep said automobile insured against loss by fire and theft for the insurable value thereof, in such companies as the holder of said note, may direct, and make the loss, if any, payable to and deposit the policies with the holder of said note as further security."

"Said purchaser agrees that he will not sell, barter, exchange, mortgage, give away or otherwise dispose of or transfer said automobile or any interest therein or part with possession thereof, or remove the same from the state of North Dakota, until the same has been fully paid for by him in accordance with this contract. Said purchaser further agrees that for any default on his part, or a breach of any of the terms and conditions herein set out, the said seller may immediately take possession of said automobile, without process by a representative or agent of said seller, and said purchaser agrees to deliver possession of said car to said seller or his representative or agent, without resistance.

"If said automobile is taken by said seller, as aforesaid, said seller shall have the right to sell the same at auction, after the publication of a notice in a newspaper of general circulation at the place of sale, at least six days before such sale is made, and the proceeds derived from the sale thereof shall be applied, first, to the expenses of such auction sale and publication of the notice aforesaid, second; to any amount due on said note and to any amount that may be due for repairs or labor performed on said car as aforesaid, and the balance, if any, to said purchaser. At any such auction sale, said seller may be a bidder."

This was the condition when the policy was issued. Therefore the company knew at the time it issued the policy and accepted the premium that the interest of the assured at the time the policy was issued was "other than unconditional and sole ownership," for the knowledge of the agent is the knowledge of the company. See Michelsen v. North American Nat. Ins. Co. 53 N. D. 391, 206 N. W. 225. For this rea-

son the company cannot take advantage of this portion of the provision and declare a forfeiture. Having issued the policy and taken the premium with full notice of the title and extent of ownership the company is precluded from denying liability. See 14 R. C. L. 1166. If the lack of sole ownership were to declare the policy void and not merely voidable at the option of the insurer then of course, the policy never had an existence, but the courts holding such right to forfeiture being optional such a provision providing for sole ownership can be and was waived in this case from the very inception of the policy. See Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 837.

The happening of the second event gives the company a right to declare a forfeiture in case there should be a transfer by the assured or that her interest should be terminated other than by her death. The stipulation of facts does not show any transfer of the interest or a termination of the interest of the assured. She still has an interest in the car and therefore the company could not declare a forfeiture on this ground.

"The term 'interest' as used in application to the right to insure does not necessarily imply the property in the subject of insurance," Buck v. Chesapeake Ins. Co. 1 Pet. 151, 7 L. ed. 91, and neither title nor a beneficial interest is requisite, Hooper v. Robinson, 98 U. S. 528, 537, 25 L. ed. 219, 221; Williams v. Roger Williams Ins. Co. 107 Mass. 377, 9 Am. Rep. 41. Our own statute defines the term insurable: "Every interest in the property, or any relation thereto, or liability in respect thereof of such a nature that a contemplated peril might directly damnify the insured is an insurable interest." Comp. Laws 1913, § 6466.

Special clauses in an insurance policy against change of title are to be construed strictly. See note in 59 Am. Dec. 304. The same principle applies to clauses against change in the nature of interest.

The fact that there was a surrender of possession and right of possession both by Wallace and Anderson to Johnson is immaterial in this case because there was a resumption of possession before loss. A lease to one and resumption of possession before loss is not a breach of a condition against change of possession or interest. See Lane v. Maine Mut. F. Ins. Co. 12 Me. 44, 28 Am. Dec. 150; Germania F.

Ins. Co. v. Turley, 167 Ky. 57, 179 S. W. 1059; Myles v. Northern Assur. Co. 113 Wash. 158, 193 Pac. 703.

In the case of Budelman v. American Ins. Co. 297 Ill. 222, 130 N. E. 513, it is held: " 'Interest' as used in a clause in a fire insurance policy providing that it would be void in case of a change in the title or interest, means legal interest, and therefore is retained by the party holding the legal title, and hence by a vendor in an executory contract of sale."

Thus if the company has the right to declare forfeiture it must be because of a "change in the nature of the insurable interest of the insured in the property described herein either by sale or otherwise." It becomes necessary to determine what is meant by the clause "change in the nature of the insurable interest of the assured." It will be noticed that it is not a change in the interest but a change in the nature of the interest that renders the policy void. This of course must be determined by the nature of the case at the time that the policy went into effect, for a change in the nature of interest relates only to changes which arise after the issuance of the policy, as her interest was fixed at the time the policy was issued. See Hall v. Niagara F. Ins. Co. 93 Mich. 184, 18 L.R.A. 135, 32 Am. St. Rep. 497, 53 N. W. 727. The nature of her interest at the time was that of one holding under a conditional sale. The title remained in Wallace and was at that time to remain in Wallace until Anderson had paid for the car. There would be no change in the nature of the interest unless she paid in full and got title, or unless her rights were foreclosed by sale as provided in the contract, or unless she herself sold and disposed of her interest in some other manner. None of these conditions occurred. She had not disposed of her interest to Johnson, for while he had possession he was not to get title or bill of sale from her until he had paid in full. He had failed to do so and the court found he had no interest whatever in the insurance policy. There was no change in the nature of her interest through foreclosure proceedings because no foreclosure proceedings were had. It is true the stipulated facts show Wallace took possession under the provisions of his contract whereby he could do so for the purpose of sale by auction; but there was no sale by public auction or a sale of any kind. As mortgagee he had a right to take possession, for he was in the position of an equitable

mortgagee. Thus throughout the entire transaction Anderson still had the same nature of interest, the same kind or quality of interest, as she had at first. She may have had less of this kind of interest, there may have been a change in the amount of interest, but there was no change in the nature.

A change of interest must be such as is calculated to make the assured less watchful in caring for and preserving the property insured. So a policy issued to purchasers of the property is not void because the court appointed a receiver where there was no change in title, or possession by sale or judicial decree. See Georgia Home Ins. Co. v. Bartlett, 91 Va. 305, 50 Am. St. Rep. 832, 21 S. E. 476. In the case at bar there was no change of possession by sale or judicial decree. Thus the surrender to Wallace did not change the nature of her interest. It is stipulated Anderson has not been discharged from liability for the purchase price. Her interest is not terminated. It was the change of possession provided for in the contract and known to the insurer at the time of the issuance of the policy. It has been held that an increase of title does not work such breach and is not such a change in the nature of the interest as is contemplated. See Michigan F. & M. Ins. Co. v. Wich, 8 Colo. App. 409, 46 Pac. 689. "The word 'interest' as used in a fire policy relating to a change of interest of the property insured relates only to some lesser insurable interest other than full interest," and therefore is applicable when the assured owns a right less than the title. Pomeroy v. Ætna Ins. Co. 86 Kan. 214, 38 L.R.A.(N.S.) 142, 120 Pac. 344, Ann. Cas. 1913C, 170. Anderson had an "interest" in this sense but the nature of the interest was the same at all times. Otherwise every time she made a payment there was a change of interest—she had a greater interest in the car,—but there was no change in the nature of the interest and would be no change until she had some kind of an interest other than the one she had at the inception of the policy. A mortgagee has an interest in the car, but every time payment is made to him his interest therein is reduced, yet the nature of his interest is not changed. There is no change of an interest of the mortgagee merely because his mortgage has been reduced from $1,600 to $600. In Bartemeier v. Central Nat. F. Ins. Co. 180 Iowa, 354, 160 N. W. 24, it was held in construing a provision against alienation that a completed sale was necessary to

constitute a breach of such condition; a conditional sale was not such a breach. Thus a complete change in the nature of the interest is necessary for a breach of this condition and not merely a change in the amount of the interest. In Washington Ins. Co. v. Hayes, 17 Ohio St. 432, 93 Am. Dec. 628, it was held a surrender of possession to the mortgagee is not in itself an alienation of title. And so the surrender of her possession to Wallace was not an alienation of her interest. Under the terms of the conditional sale made between Wallace and Anderson, Wallace could take possession of the car on default for the purpose of foreclosure. He had the "right to sell the same at auction." He did not do this. The stipulation of facts shows that when he became repossessed of the car, while it was surrendered to him because of the agreement that he could take it on default, nevertheless he did not take it for foreclosure. Even his possession was a qualified possession. He took it to sell for Anderson. The nature of Anderson's interest in the car was exactly the same as it was before. Had Mrs. Anderson given the car to some other person for the purpose of demonstration and sale instead of giving it to Wallace for this purpose, and the car had then been destroyed, it could not be said there was any change in the nature of her interest. The nature of her interest was that of a purchaser under a conditional sale, and she was still such a purchaser at the time of loss. Wallace was not holding it for foreclosure, nor was he trying to exercise his rights under his contract. It is true that under his contract he had a right to take possession of it upon default but this was only for foreclosure purposes. Anderson was still the purchaser, and could have recovered possession of the car at any time. It is true the stipulation of facts shows that if Wallace sold the car any remainder of the purchase price after paying the amount of instalments due, etc., "would be turned over to H. S. Johnson and the plaintiff Anna Anderson as their interests might appear." But the stipulation of facts does not show any interest of H. S. Johnson, and the court does not find he had any interest. Therefore the remainder of the purchase price would go to Anna Anderson and Johnson is eliminated from the case.

The district court found in favor of the plaintiff Anna Anderson and the Speed Wallace Motor Company.

In the case at bar there was a mortgagee clause attached by the in-

surer to the policy wherein it was agreed between the defendant and the Speed Wallace Motor Company that any loss payable under the policy would be payable to the Speed Wallace Motor Company as mortgagee as its interests might appear. It is clear therefore that the company knew or is presumed to have known the relations between the mortgagee and the mortgagor and that the mortgagee had the right upon default to take possession of the car. Hence it must be considered that it was within the contemplation of the parties to the contract that the mortgagee could take possession of the car upon default and thus such an act would not give the insurer a right to claim a forfeiture.

In the case of Getman v. Guardian F. Ins. Co. 46 Ill. App. 489, we have a case where a mortgagee clause was attached to the policy. The owner of property had obtained an insurance policy. He then sold the property and had an assignment of the policy given to the purchaser. The company thereupon attached to the policy the mortgagee clause making the loss if any payable to the seller, that is the one who was originally insured, knowing he was taking this as security. As was said in the case cited: "The object of inserting a clause making the loss payable to him was one of additional security to him under the mortgage; knowing these facts the company was bound to know the law applicable to them, and that in case of default in payment of the mortgage indebtedness, the right of possession to the mortgaged property would vest at once in the mortgagee. The contract created by the policy in the case presented and the added clause, was one between the insurer, the insured, and the beneficiary. Their relations to each other were within the contemplation of each contracting party, and neither one should be permitted to avoid a duty imposed by the contract, because of the interposition of a legal result, which from the nature of the objects to be secured by the contract, must have been within the knowledge of all as one likely to follow." In the case at bar the company knew the rights of Speed Wallace Motor Company in this conditional sale and that it was taking this insurance policy as additional security for this sale and for the loan and knowing this attached to the policy the mortgagee clause. Hence the taking possession of the car by the Speed Wallace Motor Company cannot be said to be such change in the nature of the interest of the insured as will justify the declaration of a forfeiture; but is such an act as must be said to have been

474

within the contemplation of all the parties as one of the rights of the Speed Wallace Motor Company and the insured.

There is no change in the nature of the interest other than what was entirely within the contemplation of the parties at the time the policy was issued. Therefore the judgment of the lower court must be affirmed.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.