[File No. 6177.]

DAVID LEY, Respondent, v. HOME INSURANCE COMPANY OF NEW YORK, a Foreign Corporation, Appellant.

(251 N. W. 137.)

Opinion filed October 25, 1933.   Rehearing denied December 9, 1933.

*Nilles, Oehlert & Nilles,* for appellant.

202

*J. A. Mackoff* and *Jacobsen & Murray,* for respondent.

NUESSLE, J. Plaintiff brought this action to recover for the loss by fire of an automobile owned by him. The defendant, answering, denied liability under the policy on the ground that it provided that it should not be liable for loss should the automobile insured be mortgaged by the plaintiff subsequent to the issuance of the policy, and alleged that the plaintiff had executed such a mortgage. The plaintiff, replying, alleged that the defendant with knowledge of the execution by the plaintiff of the mortgage subsequent to the issuance of the policy, had waived a forfeiture thereunder. The case was tried to a jury. The plaintiff had a verdict. Judgment was entered thereon. Defendant appeals.

The facts as disclosed by the record are in substance as follows: On June 14, 1930, the plaintiff bought a Ford automobile from the Lehr Motor Company under a conditional contract. He paid a part of the purchase price in cash. The title to the car was not to pass to him until the balance was paid in full. It was payable on December 14, 1930. Thereafter the contract was assigned to the Universal Credit Company of Fargo. The Credit Company applied for and on June 14, 1930, the defendant, Home Insurance Company, issued to Ley its policy insuring the car against fire to its actual value at any time it might be burned during the life of the policy. Ley paid the premium. On December 14, 1930, Ley and the Credit Company amended the contract. Under the terms of this amendment $130 was paid on the purchase price, $35.00 was to be paid on May 1, 1931, and the remainder on September 1, 1931. On January 13, the Insurance Company issued a special indorsement extending the policy to September 4, 1931. On January 16, Ley executed a chattel mortgage to one Collins covering the car in question. This mortgaged secured a debt of $130, due May 1, 1931. The debt was incurred to obtain the money paid on December 14th. On February 19, 1931, the automobile was destroyed by fire and the insurance company was notified of the loss. The indebtedness to Collins was then unpaid and the mortgage was outstanding and unsatisfied. On April 11, 1931, the Credit Company assigned the sales contract to the defendant Insurance Company. The latter paid therefor the amount then due and unpaid thereon. On April 13, the defendant notified the plaintiff through the latter's attorney, that it would not pay the loss under the policy of insurance and waived the

furnishing of any proof of loss. On May 9th this action was begun. On June 9th, defendant tendered a return of the premium to the plaintiff and plaintiff having refused to accept it, defendant deposited the amount thereof to its order for the benefit of the plaintiff. The policy in question provided, among other things:

"This policy is made and accepted subject to the provisions, exclusions, conditions and warranties set forth herein or endorsed hereon, and upon acceptance of this policy the Assured agrees that its terms embody all agreements then existing between himself and the Company or any of its agents relating to the insurance described herein, and no officer, agent or other representative of this Company shall have power to waive any of the terms of this policy unless such waiver be written or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the Assured unless so written or attached.

. . . . . . . . . . .

"Unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage, or other encumbrance specifically set forth and described in Paragraph B of this policy, this Company shall not be liable for loss or damage to any property insured hereunder while subject to any lien, mortgage or other encumbrance."

On this appeal the defendant urges that the evidence is insufficient to sustain the verdict and also assigns error on the part of the trial court in certain of its rulings on questions of evidence.

In support of its contention that the evidence is insufficient to sustain the verdict, the defendant urges that the plaintiff had violated the clause in the insurance contract prohibiting the mortgaging of the insured property; that it had not consented that any mortgage might be placed on the automobile and that it had no knowledge thereof prior to the loss; that there was no written indorsement on the policy permitting such mortgage; and that there had been no waiver of the prohibition against encumbrances. It is in connection with the attempted proof of notice to the defendant on which plaintiff bases his claim of waiver that the rulings of the trial court which the defendant challenges were made.

One Kallgren, of Fargo, was the defendant's state agent. He had general authority to issue policies. Fargo is some distance from Ashley

where the plaintiff resided. Plaintiff's evidence tends to show that at the time the mortgage to Collins was given, plaintiff's agent called Kallgren by long distance telephone advising him concerning the mortgage and inquired if it was permissible to execute the same; that he was assured by Kallgren it was all right to do so; that plaintiff relied upon this assurance in executing the mortgage. Plaintiff's proofs in this regard are as follows: He procured one Bauer to act for him. Bauer put in a telephone call for Kallgren's office at Fargo. Someone answered the call saying he was Kallgren. Bauer did not know Kallgren, was unacquainted with his voice, and his only reason for believing the person who answered his call was Kallgren was the fact he had put in a call for the latter's office and that in response thereto the person with whom he talked said that he was Kallgren. In the conversation then ensuing Bauer told the circumstances with respect to the mortgaging of the automobile and received the assurance that it was "all right" to do so. Defendant objected to this evidence on the ground that there was no foundation laid therefor; that the identity of the person with whom Bauer talked was not sufficiently established; and that consequently the evidence was inadmissible.

The trial court overruled the objection. We think that the ruling was correct. Telephone conversations are admissible to the same extent and subject to the same rules as conversations had between persons speaking face to face. The identity of the persons participating must be established in the one case as in the other. In the instant case Bauer did not know Kallgren and had never talked with him. But there are other circumstances that may be taken into consideration as well as sight and sound in identifying parties to a conversation. The telephone is in general use. It is a public instrumentality. Much business is transacted over it. It is generally dependable. He who has a telephone invites its use and must be held to contemplate that business will be transacted by its means. If he does not, he should say so and refrain from using it. Bauer called Kallgren over long distance telephone. There is no evidence in the record from any of the agents of the telephone company with respect to the call but the call was put through by it. Someone answered who said he was Kallgren. He talked with understanding about the matter of the automobile, the insurance policy, and the making of the mortgage on the automobile.

If the jury believed the testimony of Bauer with respect to what took place they were warranted in assuming in the absence of a denial on the part of Kallgren, that under these circumstances it was Kallgren who answered and Kallgren with whom Bauer talked. See Union Constr. Co. v. Western U. Teleg. Co. 163 Cal. 298, 125 P. 242; Godair v. Ham Nat. Bank, 225 Ill. 572, 80 N. E. 407, 116 Am. St. Rep. 172, 8 Ann. Cas. 447; Theisen v. Detroit Taxicab & Transfer Co. 200 Mich. 136, 166 N. W. 901, L.R.A.1918D, 715; note in 71 A.L.R. at page 5; Wigmore, Ev. § 2155.

To prove notice, acquiescence, and waiver on the part of the defendant the plaintiff also offered evidence tending to show that at the time he executed the mortgage to Collins he notified the defendant company by letter addressed to its home office in New York with respect thereto, asking if there was any objection to his execution of the mortgage to Collins and that Collins be noted as a mortgagee. He further requested that the defendant advise him with respect to the matter. He received no reply to this letter. The defendant objected to the introduction of this testimony upon the ground that such notification was by letter; that presumptively the defendant company received such letter if it was mailed; that the letter was the best evidence of its contents and that no demand had been made upon the defendant to produce it; that therefore parol evidence as to its contents was inadmissible. Plaintiff's position was that he had given sufficient notice to the defendant by pleading a waiver of the condition in the policy forbidding the mortgaging of the insured property; that thereby the defendant was advised that plaintiff would make proof of the writing of the letter and of its contents and that no further notice or demand for its production by the defendant was necessary. The trial court overruled the defendant's objection. The defendant contends that this ruling was erroneous.

The rule with respect to the admission of secondary evidence is well settled. One who expects to resort to such evidence must as a foundation for its introduction give notice to the opposing party possessing the primary evidence that he produce it. If such party fails to do so, secondary evidence of the contents thereof may be offered. There are some exceptions to this rule. One is that where by reason of all the circumstances in connection with the matter the adverse party having possession of the writing has notice it will be required, no demand to

produce is necessary. "When the pleadings disclose that the contents of a document in the possession of the adverse party will necessarily have to be proven in order to establish a link in the proof of the other party's cause of action or defense, a notice to produce such document at the trial is not necessary in order to permit the introduction of secondary evidence of its contents." Nichols & S. Co. v. Charlebois, 10 N. D. 446, 88 N. W. 80. See also Hanson v. Lindstrom, 15 N. D. 584, 108 N. W. 798; J. L. Owens Co. v. Bemis, 22 N. D. 159, 133 N. W. 59, 37 L.R.A.(N.S.) 232; Jones, Ev. 2d ed. § 846. Plaintiff insists that the instant case is such an one. We cannot agree with him in this. Plaintiff pleaded a waiver of the provision against encumbrances in the policy as follows: "Further answering plaintiff alleges that if any mortgage was executed as alleged in the amended answer herein it was made long prior to the loss and with the knowledge and consent of the defendant and its agent and without any objection on the part of the defendant and the defendant is thereby estopped to assert any defense thereto which, if any, had been waived. Further answering plaintiff alleges that said mortgage, if any, was made with the knowledge and consent of the defendant and with knowledge thereof the said defendant kept and retained the unearned premium and failed to cancel said policy." Other than by these allegations as contained in its reply, plaintiff did not disclose by his pleadings the facts upon which his alleged waiver was predicated. He might, for all the pleadings disclosed, be relying as a ground for this waiver upon notice of the mortgage by oral communication to and assent by the defendant, as in fact he offered evidence to prove, upon notice by telegram or by letter, or in some other manner. To apply the rule in the manner for which the plaintiff contends in the instant case would do away with the necessity for demand in almost every instance. The case is quite different from the Charlebois case, supra, on which the plaintiff relies. There a contract of sale of machinery provided that notice of breach of the warranty of fitness must be given by registered letter to the plaintiff. In an action to foreclose a mortgage given to secure the purchase price the defendant purchaser pleaded the breach and in that behalf alleged that he had complied with the conditions of the contract. On the trial he demanded the letter giving notice of the breach from the plaintiff and it not being produced offered oral testimony as to its

contents. It was held that this testimony was admissible since the answer alleging compliance with the terms of the contract with respect to notice of breach thereof advised plaintiff that the letter would be relied upon.

Thus holding it is apparent that a new trial must be ordered unless the defendant is correct in its contention with respect to the provision in the policy requiring a written indorsement to effect any change in the terms thereof. For even though the testimony of Bauer with respect to the conversation with Kallgren was properly received, and though such testimony would be sufficient to warrant the jury in returning the verdict that was returned, nevertheless it is impossible to say whether such verdict was predicated on this testimony or upon the testimony with respect to the notice by letter sent to the defendant at its home office in New York. McLeod v. Simon, 51 N. D. 533, 200 N. W. 790; Black v. Smith, 58 N. D. 109, 224 N. W. 915.

In support of its contention that the evidence is insufficient to sustain the verdict, the defendant urges that the policy was avoided when the plaintiff, without the written consent of the defendant indorsed thereon, mortgaged the property. In that behalf defendant relies upon the following provisions contained in the policy:

"Unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage or other encumbrance specifically set forth and described in Paragraph B of this policy, this Company shall not be liable for loss or damage to any property insured hereunder while subject to any lien, mortgage, or other encumbrance."

and

". . . no officer, agent, or other representative of this Company shall have power to waive any of the terms of this policy unless such waiver be written or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the Assured unless so written or attached."

These two provisions are in effect the same and forbid any change in terms or any waiver of conditions except by agreement in writing indorsed upon or attached to the policy.

Unquestionably there are many cases sustaining the defendant's contention in this regard. These cases hold that where the policy prescribes how its conditions may be waived, they cannot be waived in

any other manner. See 5 Cooley, Briefs on Ins. 2d ed. page 4178, and cases cited. Plaintiff, however, insists that the contrary rule has been adopted in this state and that notwithstanding any provisions in the policy forbidding the mortgaging of the property the defendant has so acted by and through its agents as to have waived the same and is now estopped to rely thereon.

There can be no question but that in this jurisdiction the rule is firmly established that notwithstanding any provisions in the policy itself or any limitations placed upon the authority of the agent issuing the same, if the insured in good faith discloses to the insurer's agent prior to the inception of the policy facts which are inconsistent with and contradictory of the terms and conditions of such policy, nevertheless the policy is effective if it is delivered and the insurer receives and retains the premium therefor. See Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 127 N. W. 837, 30 L.R.A.(N.S.) 539; Yusko v. Middlewest F. Ins. Co. 39 N. D. 66, 166 N. W. 539; Horswill v. North Dakota Mut. F. Ins. Co. 45 N. D. 600, 178 N. W. 798; Anderson v. United States F. Ins. Co. 57 N. D. 462, 222 N. W. 609. And it seems to us that notwithstanding any provision in a policy that waivers of the terms thereof must be in writing attached to or indorsed thereon to be valid and binding, nevertheless the conditions of the policy may be waived by parol.

Forfeitures are not favored by the law, and we have applied this rule in the construction of insurance contracts. Conditions inserted in policies of insurance, for breach of which they may be avoided, are for the benefit of the insurer. Accordingly, breaches of such conditions do not ipso facto avoid the policies but only render them voidable at the option of the insurer. Consequently they may be waived. In Lechler v. Montana L. Ins. Co. 48 N. D. 644, 186 N. W. 271, 23 A.L.R. 1193, it was held that a clause in an insurance policy to the effect that it could not be altered by an agent or its provisions waived except by written agreement of the company, is for the benefit of the company and may be waived by it. In that case Judge Birdzell, who wrote the prevailing opinion, quoted with approval from Knickerbocker Ins. Co. v. Norton, 96 U. S. 234, 24 L. ed. 689, as follows: "But a party always has the option to waive a condition or stipulation made in his own favor.

The company was not bound to insist upon a forfeiture, though incurred, but might waive it. It was not bound to act upon the declaration that its agents had no power to make agreements or waive forfeitures; but might, at any time, at its option, give them such power. The declaration was only tantamount to a notice to the assured, which the company could waive and disregard at pleasure. In either case, both with regard to the forfeiture and to the powers of its agent, a waiver of the stipulation or notice would not be repugnant to the written agreement, because it would only be the exercise of an option which the agreement left in it. And whether it did exercise such option or not was a fact provable by parol evidence, as well as by writing, for the obvious reason that it could be done without writing." See also Pfaffengut v. Export Ins. Co. 55 N. D. 112, 212 N. W. 518, and cases cited; Anderson v. United States F. Ins. Co. 57 N. D. 462, 222 N. W. 609, supra. Consistent with this theory, retention of the unearned portion of the premium for an unreasonable period with knowledge on the part of the insurer of a breach of condition, tends to evidence a waiver of the right to avoid. Yusko v. Middlewest F. Ins. Co. 39 N. D. 66, 166 N. W. 539, supra. And so does any other act on the part of the insurer inconsistent with an intention to exercise the option to rely upon the forfeiture. Pfaffengut v. Export Ins. Co. 55 N. D. 112, 212 N. W. 518, supra. Likewise, where the insurer has knowledge of breaches of condition giving rise to the right to exercise the option to avoid and the circumstances are such that the insurer ought in fairness to speak but remains silent, he will be estopped to deny a waiver. Mr. Freeman in his note in 107 Am. St. Rep. at page 105 says with respect to this question of waiver: "The fact that a waiver was forbidden in the policy, or if not there forbidden, was there provided to be done in a designated manner or by a designated agent only, while it is material, and in the absence of other evidence, controlling, is by no means final. The ultimate question, no matter what the policy says, is, Did the insurer waive the condition, so that it must be held estopped from denying such waiver? If so, the waiver is as effective as if it fell within the express terms of the policy and had been accomplished in the act and in the manner therein provided for." As supporting this statement of the law he cites a multitude of cases. See

also 14 R. C. L. 1163, et seq.; 26 C. J. 304, et seq. Contracts of insurance need not be in writing and so modifications of such contracts when in writing may be by parol. A stipulation forbidding a waiver by parol may itself be waived. Accordingly, it necessarily follows that given a state of facts that shows knowledge by an insurer of breach of condition, such knowledge having been acquired directly by the insurer or through an agent authorized to act, a waiver or an estoppel to deny a waiver may result though there be no writing. And this regardless of any provisions to the contrary in the policy. See McDowell v. Fireman's Fund Ins. Co. 49 N. D. 176, 191 N. W. 350.

In the instant case it is undisputed that Kallgren was the defendant's general agent within the state of North Dakota. He issued the policies. He had authority to cancel them or modify their terms by written indorsement. According to the evidence adduced by the plaintiff he called Kallgren before the objectionable mortgage was executed and obtained permission to make it. He made it relying upon that permission. Not only that, plaintiff also wrote to the company at its home office in New York advising it he was mortgaging the automobile. He gave the name of the mortgagee and requested that the latter be noted as a mortgagee. He inquired if there was any objection to the mortgaging of the automobile and asked that he be advised if there was any objection. He received no response to this letter. The premium had already been paid, but the defendant, though thus apprised of the execution of the mortgage and of the plaintiff's concern and inquiry with respect to it, retained the premium and made no offer to return it until after the automobile had been destroyed and this action begun. It seems to us, therefore, that the record will sustain a finding that the defendant company had knowledge or was charged with knowledge of the execution by the plaintiff of the mortgage to Collins, and that with such knowledge the defendant and its officers and agents having authority to act either waived the condition or so acted as to estop the defendant from denying such a waiver. Accordingly, we hold that the evidence is sufficient to sustain the verdict.

But the plaintiff further urges that even though there was error in the admission of testimony tending to show notice by letter sent to the defendant at its New York office, nevertheless this was error without

prejudice because it stands undisputed on the record that Bauer knew of the execution of the mortgage to Collins. In that behalf, plaintiff contends that under the statute, § 4959, Comp. Laws 1913, providing: "Whoever solicits insurance on behalf of any insurance corporation or person desiring insurance of any kind, or transmits an application for a policy of insurance, other than for himself, to or from any such corporation, or who makes any contract for insurance, or collects any premium for insurance, or in any manner aids or assists in doing either, or in transacting any business of like nature for any insurance corporation, or advertising to do any such thing, shall be held to be an agent of such corporation to all intents and purposes, unless it can be shown that he receives no compensation for such services. . . ." Bauer was the defendant's agent and therefore Bauer's knowledge was the defendant's knowledge. We cannot agree with the plaintiff in these respects. The testimony is undisputed that Bauer sold the plaintiff the automobile. This sale was by written conditional contract. Among other provisions the contract stipulated: "Seller may insure said property against fire and theft to properly protect purchaser, seller, and seller's assignee. The purchaser agrees to pay the premium upon demand and that on failure to do so payment of said premium shall be secured by this contract." Bauer assigned the contract to the Universal Credit Company. He guaranteed the payment to be made by the plaintiff thereunder. The Universial Credit Company made application to the defendant for the policy. Bauer never at any time acted for or represented the plaintiff in any dealings with the defendant company excepting when, according to his testimony, he called Kallgren respecting the giving of the mortgage. The statute, section 4959, supra, can have no application under these circumstances.

The judgment must be reversed and a new trial ordered.

BIRDZELL, Ch. J., and CHRISTIANSON, BURR and BURKE, JJ., concur.